UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MIRROR WORLDS TECHNOLOGIES, LLC, a Texas corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>APPLE, INC., a California corporation; BEST BUY CO. INC., a Minnesota corporation; DELL, INC., a Delaware Corporation; HEWLETT PACKARD COMPANY, a California Corporation; LENOVO GROUP LTD., a Chinese Corporation; LENOVO (UNITED STATES) INC., a Delaware Corporation, MICROSOFT CORPORATION, a Washington corporation; SAMSUNG ELECTRONICS USA, INC., a Delaware Corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware corporation,<br><br>        Defendants. | CASE NO.<br><br>**JURY DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mirror Worlds Technologies, LLC ("Mirror Worlds") sues the above-listed Defendants and on information and belief alleges as follows:

**Introduction**

1.    Plaintiff Mirror Worlds owns the inventions described and claimed in United States Patent No. 6,006,227 entitled "Document Stream Operating System" (the "'227 Patent"). Defendants, without Mirror Worlds' permission, (a) have used and continued to use Mirror Worlds' patented technology in connection with products that they make, use, sell, and offer to sell that include document stream software; and (b) have contributed to and/or induced, and continue to contribute to and/or induce, others to use Mirror Worlds' patented technology.

1

Mirror Worlds seeks damages for patent infringements and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Mirror Worlds' patented technology without permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Court because Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered their infringing products in the Eastern District of Texas. In addition, this Court has presided over prior matters relating to the asserted patent, including the matter of *Mirror Worlds v. Apple, Inc.*, 6:08-cv-00088-LED, in which the Court has entered a *Markman* order (dkt. # 302, entered August 11, 2010) and has presided over a five-day jury trial.

### Plaintiff Mirror Worlds

4. Plaintiff Mirror Worlds Technologies is a Texas limited liability company with principal place of business in Tyler, Texas.

### The Patent

5. The United States Patent and Trademark Office issued the '227 patent (attached as exhibit A) on December 21, 1999.

6. Through assignment, Plaintiff is the owner of all right, title, and interest to, including all rights to pursue and collect damages for past infringements of the '227 patent.

### Defendants

7. Defendant Apple, Inc. ("Apple") is a California corporation with its principle place of business in Cupertino, California.

8. Defendant Best Buy Company, Inc. ("Best Buy") is a Minnesota corporation with its principal place of business in Richfield, Minnesota.

9. Defendant Dell Corporation ("Dell") is a Delaware Corporation with its principal place of business in Round Rock, Texas.

10. Defendant Hewlett Packard Ltd. ("HP") is a Delaware Corporation with its United States Headquarters and its principal place of business for United States operations in Houston, Texas.

11. Defendant Lenovo Group Limited ("Lenovo Group") is a Chinese Corporation with a principal place of business in Morrisville, North Carolina.

12. Defendant Lenovo (United States) Inc. ("Lenovo USA") is a Delaware Corporation with its principal place of business in Morrisville, North Carolina.

13. Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.

14. Defendant Samsung Electronics America, Inc. ("Samsung Electronics") is a Delaware Corporation with its principal place of business in Ridgefield Park, New Jersey.

15. Defendant Samsung Telecommunications America, L.L.C. ("Samsung Telecommunications") is a Delaware corporation with its principal place of business in Richardson, Texas.

## CLAIM FOR PATENT INFRINGEMENT ('227 PATENT)

16. Plaintiff incorporates by reference each of the allegations in paragraphs 1-15 above.

17. On December 21, 1999, the '227 Patent, disclosing and claiming a "Document Stream Operating System," was duly and legally issued by the United States Patent and Trademark Office.

18. Each claim of the '227 patent is valid and enforceable.

19. Plaintiff Mirror Worlds is the owner of the '227 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

**Apple**

20. Since at least October 2nd, 2010, Defendant Apple has infringed the '227 patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale and/or importing infringing products, without a license or permission from Mirror Worlds. Apple's infringing products include, without limitation, its products that generate streams of data units, including without limitation Mac computers and certain versions of Mac OS X.

21. Apple has actively induced, and will continue to actively induce, users of its infringing products to infringe the '227 patent. Apple offered and continues to offer its infringing products for sale, and instructed and continues to instruct users to operate them in an infringing manner through, without limitation, advertisements, product documentation, and customer support. Apple knew of the '227 patent since at least July 2, 2001, and knew that its actions would induce and will continue to induce users of its infringing products to infringe the '227 patent. As a result of Apple's inducement, users of Apple's infringing products have infringed and continue to infringe the '227 patent.

22. Apple has contributed to and continues to contribute to the infringement of the '227 patent by the users of its infringing products and services. Apple sold, offered to sell, and/or imported and continues to sell, offer to sell, and or/import its infringing products and services for use in a data unit stream generation and data unit search, organization, and display process that constitutes a material part of the invention claimed in the '227 patent. Apple knew

that its infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

23. Apple's infringement of the '227 patent has been and continues to be willful. Apple knew of the '227 patent since at least July 2, 2001. Apple has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '227 patent. This risk has been known to Apple, or is so obvious that it should have been known to it.

24. Plaintiff has been damaged by Apple's infringement of the '227 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Apple is enjoined from continuing to infringe the '227 patent.

**Microsoft**

25. Defendant Microsoft has infringed the '227 patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff. Microsoft's infringing products and services include, without limitation, its products that generate streams of data units, including without limitation versions of the Windows operating system.

26. Microsoft has actively induced, and will continue to actively induce, users of its infringing products to infringe the '227 patent. Microsoft offered and continues to offer its infringing products for sale, and instructed and continues to instruct users to operate them in an infringing manner through, without limitation, advertisements, product documentation, and customer support. Microsoft knew of the '227 patent before this lawsuit was filed, and knew that its actions would induce and will continue to induce users of its infringing products to infringe the '227 patent. As a result of Microsoft's inducement, users of Microsoft's infringing products have infringed and continue to infringe the '227 patent.

27. Microsoft has contributed to and continues to contribute to the infringement of the '227 patent by the users of its infringing products and services. Microsoft sold, offered to sell,

and/or imported and continues to sell, offer to sell, and or/import its infringing products and services for use in a data unit stream generation and data unit search organization process that constitutes a material part of the invention claimed in the '227 patent.  Microsoft knew that its infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

28. Microsoft's infringement of the '227 patent has been and continues to be willful.  Microsoft knew of the '227 patent since at least August 28, 2002.  Microsoft has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '227 patent.  This risk has been known to Microsoft, or is so obvious that it should have been known to it.

29. Plaintiff has been damaged by Microsoft's infringement of the '227 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Microsoft is enjoined from continuing to infringe the '227 patent.

**Dell**

30. Defendant Dell has infringed the '227 patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff.  Dell's infringing products include, without limitation, personal computers and tablets that include versions of the Windows operating system obtained from Defendant Microsoft.

31. Dell has actively induced, and will continue to actively induce, users of its infringing products to infringe the '227 patent.  Dell offered and continues to offer its infringing products for sale, and instructed and continues to instruct users to operate them in an infringing manner through, without limitation, advertisements, product documentation, and customer support.  Dell knew of the '227 patent since at least May 22, 2013, and knew that its actions would induce and will continue to induce users of its infringing products to infringe the '227 patent.  As a result of Dell's inducement, users of Dell's infringing products have infringed and continue to infringe the '227 patent.

32.     Dell has contributed to and continues to contribute to the infringement of the '227 patent by the users of its infringing products and services.  Dell sold, offered to sell, and/or imported and continues to sell, offer to sell, and or/import its infringing products and services for use in a data unit organization process that constitutes a material part of the invention claimed in the '227 patent.  Dell knew that its infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

33.     Dell's infringement of the '227 patent has been and continues to be willful. Dell knew of the '227 patent since at least May 22, 2013.  Dell has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '227 patent.  This risk has been known to Dell, or is so obvious that it should have been known to it.

34,     Plaintiff has been damaged by Dell's infringement of the '227 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Dell is enjoined from continuing to infringe the '227 patent.

**HP**

35.     Defendant HP has infringed the '227 patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff.  HP's infringing products include, without limitation, personal computers and tablets that include versions of the Windows operating system obtained from Defendant Microsoft.

36.     HP has actively induced, and will continue to actively induce, users of its infringing products to infringe the '227 patent.  HP offered and continues to offer its infringing products for sale, and instructed and continues to instruct users to operate them in an infringing manner through, without limitation, advertisements, product documentation, and customer support.  HP knew of the '227 patent since before this lawsuit was filed, and knew that its actions would induce and will continue to induce users of its infringing products to infringe the '227

7

patent.  As a result of HP's inducement, users of HP's infringing products have infringed and continue to infringe the '227 patent.

37. HP has contributed to and continues to contribute to the infringement of the '227 patent by the users of its infringing products and services.  HP sold, offered to sell, and/or imported and continues to sell, offer to sell, and or/import its infringing products and services for use in a data unit organization process that constitutes a material part of the invention claimed in the '227 patent.  HP knew that its infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

38. HP's infringement of the '227 patent has been and continues to be willful. HP knew of the '227 patent since at least May 22, 2013.  HP has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '227 patent.  This risk has been known to HP, or is so obvious that it should have been known to it.

39. Plaintiff has been damaged by HP's infringement of the '227 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless HP is enjoined from continuing to infringe the '227 patent.

**Lenovo**

40. Lenovo USA and Lenovo Group (collectively, "Lenovo defendants") have infringed the '227 patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff.  The Lenovo defendants' infringing products include, without limitation, personal computers and tablets that include versions of the Windows operating system obtained from Defendant Microsoft.

41. The Lenovo defendants have actively induced, and will continue to actively induce, users of their infringing products to infringe the '227 patent.  The Lenovo defendants offered and continue to offer their infringing products for sale, and instructed and continue to

instruct users to operate them in an infringing manner through, without limitation, advertisements, product documentation, and customer support.  The Lenovo defendants knew of the '227 patent since at least May 22, 2013, and knew that their actions would induce and will continue to induce users of their infringing products to infringe the '227 patent.  As a result of the Lenovo defendants' inducement, users of the Lenovo defendants' infringing products have infringed and continue to infringe the '227 patent.

42.     The Lenovo defendants have contributed to and continue to contribute to the infringement of the '227 patent by the users of their infringing products and services.  The Lenovo defendants sold, offered to sell, and/or imported and continue to sell, offer to sell, and or/import their infringing products and services for use in a data unit organization process that constitutes a material part of the invention claimed in the '227 patent.  The Lenovo defendants knew that their infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

43.     The Lenovo defendants' infringement of the '227 patent has been and continues to be willful. The Lenovo defendants knew of the '227 patent since at least May 22, 2013.  The Lenovo defendants have disregarded and continue to disregard an objectively high likelihood that their actions infringe the '227 patent.  This risk has been known to the Lenovo defendants, or is so obvious that it should have been known to them.

44.     Plaintiff has been damaged by the Lenovo defendants' infringement of the '227 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless the Lenovo defendants are enjoined from continuing to infringe the '227 patent.

**Samsung**

45.     Samsung Electronics and Samsung Telecommunications (collectively, "Samsung defendants") have infringed the '227 patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale and/or importing infringing products and services,

9

without a license or permission from Plaintiff. The Samsung defendants' infringing products include, without limitation, personal computers and tablets that include versions of the Windows operating system obtained from Defendant Microsoft.

46. The Samsung defendants have actively induced, and will continue to actively induce, users of their infringing products to infringe the '227 patent. The Samsung defendants offered and continue to offer their infringing products for sale, and instructed and continue to instruct users to operate them in an infringing manner through, without limitation, advertisements, product documentation, and customer support. The Samsung defendants knew of the '227 patent since at least May 22, 2013, and knew that their actions would induce and will continue to induce users of their infringing products to infringe the '227 patent. As a result of the Samsung defendants' inducement, users of the Samsung defendants' infringing products have infringed and continue to infringe the '227 patent.

47. The Samsung defendants have contributed to and continue to contribute to the infringement of the '227 patent by the users of their infringing products and services. The Samsung defendants sold, offered to sell, and/or imported and continue to sell, offer to sell, and or/import their infringing products and services for use in a data unit organization process that constitutes a material part of the invention claimed in the '227 patent. The Samsung defendants knew that their infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

48. The Samsung defendants' infringement of the '227 patent has been and continues to be willful. The Samsung defendants knew of the '227 patent since at least May 22, 2013. The Samsung defendants have disregarded and continue to disregard an objectively high likelihood that their actions infringe the '227 patent. This risk has been known to the Samsung defendants, or is so obvious that it should have been known to them.

without a license or permission from Plaintiff. The Samsung defendants' infringing products include, without limitation, personal computers and tablets that include versions of the Windows operating system obtained from Defendant Microsoft.

46. The Samsung defendants have actively induced, and will continue to actively induce, users of their infringing products to infringe the '227 patent. The Samsung defendants offered and continue to offer their infringing products for sale, and instructed and continue to instruct users to operate them in an infringing manner through, without limitation, advertisements, product documentation, and customer support. The Samsung defendants knew of the '227 patent since at least May 22, 2013, and knew that their actions would induce and will continue to induce users of their infringing products to infringe the '227 patent. As a result of the Samsung defendants' inducement, users of the Samsung defendants' infringing products have infringed and continue to infringe the '227 patent.

47. The Samsung defendants have contributed to and continue to contribute to the infringement of the '227 patent by the users of their infringing products and services. The Samsung defendants sold, offered to sell, and/or imported and continue to sell, offer to sell, and or/import their infringing products and services for use in a data unit organization process that constitutes a material part of the invention claimed in the '227 patent. The Samsung defendants knew that their infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

48. The Samsung defendants' infringement of the '227 patent has been and continues to be willful. The Samsung defendants knew of the '227 patent since at least May 22, 2013. The Samsung defendants have disregarded and continue to disregard an objectively high likelihood that their actions infringe the '227 patent. This risk has been known to the Samsung defendants, or is so obvious that it should have been known to them.

49. Plaintiff has been damaged by the Samsung defendants' infringement of the '227 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless the Samsung defendants are enjoined from continuing to infringe the '227 patent.

**Best Buy**

50. Defendant Best Buy has infringed the '227 patent and, unless enjoined, will continue to do so, by using, selling, offering for sale and/or importing infringing products and services, without a license or permission from Plaintiff. Best Buy's infringing products include, without limitation, (1) versions of the Windows operating system that are obtained from Defendant Microsoft and/or versions of the Mac OS X operating system that are obtained from Defendant Apple , and (2) personal computers and/or tablets that are (a) made and/or imported by Defendants Apple, Dell, HP, Lenovo Group, Lenovo USA, Microsoft, Samsung Electronics, and Samsung Telecommunications, and (b) include versions of the Windows operating system that are obtained from Defendant Microsoft and/or versions of the Mac OS X operating system that are obtained from Defendant Apple.

51. Best Buy has actively induced, and will continue to actively induce, users of its infringing products to infringe the '227 patent. Best Buy offered and continues to offer infringing products for sale, and instructed and continues to instruct users to operate them in an infringing manner through, without limitation, advertisements and customer support. Best Buy knew of the '227 patent since at least May 22, 2013, and knew that its actions would induce and will continue to induce users of its infringing products to infringe the '227 patent. As a result of Best Buy's inducement, users of Best Buy's infringing products have infringed and continue to infringe the '227 patent.

52. Best Buy has contributed to and continues to contribute to the infringement of the '227 patent by the users of its infringing products and services. Best Buy sold, offered to sell, and/or imported and continues to sell, offer to sell, and or/import its infringing products and services for use in a data unit stream generation and data unit organization and search process

that constitutes a material part of the invention claimed in the '227 patent. Best Buy knew that its infringing products were especially made for infringement of the '227 patent; that they were not a staple article or commodity of commerce; and that they have no substantial non-infringing use.

53. Best Buy's infringement of the '227 patent has been and continues to be willful. Best Buy knew of the '227 patent since at least May 22, 2013. Best Buy has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '227 patent. This risk has been known to Best Buy, or is so obvious that it should have been known to it.

54. Mirror Worlds has been damaged by Best Buy's infringement of the '227 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Best Buy is enjoined from continuing to infringe the '227 patent.

**Jury Demand**

Plaintiff demands trial by jury of all issues.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '227 patent;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '227 patent.

C. Enhancement of Plaintiff's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

D. Costs of suit and attorneys' fees;

E. Pre-judgment interest; and

F. Such other relief as justice requires.

Dated:  May 23, 2013                                            Respectfully submitted,


By: */s/ Simon Franzini*
Simon Franzini
CA State Bar No. 287631
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
Email:  simon@dovellaw.com
Sean A. Luner
CA State Bar No. 165443
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
Email: sean@dovellaw.com
Gregory S. Dovel
CA State Bar No. 135387
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
Email: greg@dovellaw.com
***Dovel & Luner, LLP***
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069

ATTORNEYS FOR PLAINTIFF, MIRROR WORLDS TECHNOLOGIES, LLC