**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MIRROR WORLDS TECHNOLOGIES, LLC,<br><br>     Plaintiff,<br><br>vs.<br><br>APPLE, INC., et al.,<br><br>     Defendants. | Civil Action No. 6:13-CV-00419-LED<br><br>**Jury Demanded** |

**Plaintiff Mirror World Technologies, LLC's Response
to Defendants' Motion to Sever**

## Table of Contents

I.    Introduction .................................................................................................. 1

II.   The governing law ....................................................................................... 2

    A.    The *In re Nintendo* joinder framework. ............................................. 2

    B.    Joinder under the Federal Rules of Civil Procedure ........................... 3

    C.    Joinder under the America Invents Act ............................................... 4

        1.    Two potential interpretations of the AIA .................................... 4

        2.    The Court should interpret prong (1) of the AIA to require a right to relief asserted against the particular parties sough to be joined. ............ 6

III.  The Court should deny Defendants' motion to sever ........................................ 7

    A.    Under the correct interpretation of the AIA, all asserted claims *may* be joined under Rules 18 or 20 of the Federal Rules of Civil Procedure and the AIA ............................................................................................... 7

        1.    Claims against the moving defendants may be joined in the same case under the AIA and Rules 18 and 20. .................................... 8

            (i)    Claims for patent infringement against each of the moving defendants may be joined in the same case under Rule 20 and the AIA ............................................................... 8

            (ii)   The remaining claims against each of the moving defendants may be joined in that same case under Rule 18 ........... 9

        2.    Claims against Apple also may be joined to the Best Buy case under the AIA and Rules 18 and 20 ........................................ 10

            (i)    Claims against Apple may be joined to the Best Buy case under Rule 20 and the AIA. .......................................... 10

            (ii)   The remaining claims against Apple may be joined under Rule 18. ................................................................. 10

        3.    Defendants' arguments fail. ...................................................... 11

            (i)    Defendants' "certain claims do not share an aggregate of operative fact" argument ............................................... 11

            (ii)   Defendants' "the claims against Best Buy should be ignored" argument. ...................................................... 11

    C.    The asserted claims *should not be severed* at this early juncture. ........ 12

IV.   Conclusion ................................................................................................. 15

i

## Table of Authorities

**Cases**

*Anticancer, Inc. v. Pfizer Inc.*,
   2012 U.S. Dist. LEXIS 40979 (S.D. Cal. 2012) ................................................... 3

*Aspen Tech., Inc. v. Kunt*,
   2011 U.S. Dist. LEXIS 1971 (S.D. Tex. 2011) ..................................................... 3

*Astoria Federal Savings & Loan Ass'n v. Solimino*,
   501 U.S. 104 (1991) ............................................................................................. 6

*Bailey v. United States*,
   516 U.S. 137 (1995) ............................................................................................. 6

*Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.*,
   15 F.3d 1285 (5th Cir. 1994) ............................................................................... 7

*Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*,
   630 F.3d 431 (5th Cir. 2011) ............................................................................... 7

*Imperium (IP) Holdings, Inc. v. Apple Inc.*,
   2012 U.S. Dist. LEXIS 10333 (E.D. Tex. Jan. 20, 2012) ................................... 2

*In re EMC Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012) ...................................................................... 3, 12

*In re Nintendo*,
   2013 U.S. App. LEXIS 19606 (Fed. Cir. Sept. 25, 2013) ............................... 2, 13

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) ......................................................................... 13

*Mirror Worlds v. Apple,*.
   6:08-CV-88 (E.D. Tex. March 14, 2008) .......................................................... 13

*Motorola Mobility, Inc. v. Tivo, Inc.*,
   2012 U.S. Dist. LEXIS 99804 (E.D. Tex. July 18, 2012) ................................ 4, 8

Norman IP Holdings, LLC v. Lexmark Int'l, Inc.,
   2012 U.S. Dist. LEXIS 112757 (E.D. Tex. Aug. 10, 2012) ............................... 15

*Oasis Research, LLC v. Pro Softnet Corp.*,
   2012 U.S. Dist. LEXIS 118019 (E.D. Tex. Aug. 21, 2012) ............................... 13

*RPost Holdings, Inc. v. StrongMail Sys.*,
   2013 U.S. Dist. LEXIS 116894 (E.D. Tex. Aug. 19, 2013) ............................... 13

*Sprietsma v. Mercury Marine*,
   537 U.S. 51 (2003) ............................................................................................... 6

*United Mine Workers of America v. Gibbs*,
   383 U.S. 715 (1966) ............................................................................................. 2

**Statutes**

35 U.S.C. § 1404...................................................................................................................... 2

35 U.S.C. § 299...................................................................................................... 4, 11, 15

35 USCS § 271...................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 18....................................................................................................... 3, 9, 10

Fed. R. Civ. P. Rule 20(a)(2) ................................................................................................ 3

I.      **Introduction**

Defendants Best Buy, Dell, H.P., Lenovo, Microsoft and Samsung (the "moving

Defendants") move to sever the following:

- All claims against Dell, H.P., Lenovo, Microsoft, and Samsung;

- Some, but not all, claims against Best Buy.

The result of this would be two cases:

- case #1 against Best Buy, Dell, H.P., Lenovo, Microsoft, and Samsung; and

- case #2 against Best Buy and Apple.

Defendants seek severance to facilitate transfer of proposed case #1 to the Western

District of Washington.  *See* dkt. #75.  The Defendants have not moved to transfer case #2.

Disposition of this motion turns on the interpretation of a provision of the America

Invents Act: whether it requires that (1) one claim for relief related to the same accused product

or process be asserted against all Defendants in a case; or only that (2) one claim for relief

related to the same accused product or process be asserted against each pair of defendants sought

to be joined under Rule 20.

If (1) is the correct interpretation, the Court should grant Defendants' motion to sever.[1]

If, as we argue in this brief, (2) is correct, then the Court should deny Defendants' motion

to sever without prejudice.  Indeed, under this interpretation, (a) all asserted claims satisfy the

joinder requirements of Rules 18 and 20 of the Federal Rules of Civil Procedure and of the

America Invents Act and thus are properly joined; and (b) there is no need to sever to facilitate

transfer because the convenience of the parties and the interests of justice would not favor

transfer of the severed claims to the Western District of Washington.  Thus, the Court should

---

[1] If the Court grants Defendants' motion to sever, it should still deny their motion to transfer, however, as we will explain in our opposition to the motion to transfer.

decline to sever at this stage.  The Court will be better positioned to determine whether severance

for trial is warranted—and, if so, which claims should be severed—after the record has been

fully developed.  The Court should revisit this issue then.

This brief (1) sets forth the law of joinder; (2) argues that the second interpretation of the

AIA is the correct one; (3) shows that the requirements of Rules 18 and 20 of the Federal Rules

of Civil Procedure and of the AIA are met under this interpretation; (4) briefly addresses

transfer; and (5) explains that any decision on severance is premature at this stage.  We will

present a full transfer analysis under 35 U.S.C. § 1404 in our separate Opposition to the moving

Defendants' motion to transfer venue (dkt. #75).

## II.     The governing law

### A.     The *In re Nintendo* joinder framework.

"[T]he impulse is towards entertaining the broadest possible scope of action consistent

with fairness of the parties; joinder of claims, parties and remedies is strongly encouraged."

*Imperium (IP) Holdings, Inc. v. Apple Inc.*, 2012 U.S. Dist. LEXIS 10333, 7 (E.D. Tex. Jan. 20,

2012)  (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)).

Whether to sever certain claims under Rule 21 is a two-part inquiry:

(1) the Court must determine whether all of the asserted claims <u>may</u> be joined under the

requirements of Rule 18, Rule 20, and the AIA, *In re Nintendo*, 2013 U.S. App. LEXIS 19606,

*13-14 (Fed. Cir. Sept. 25, 2013);

(2) if all claims may be joined, the Court must determine whether they should

nonetheless be severed "in the interest of avoiding prejudice and delay, ensuring judicial

economy, [and] safeguarding principles of fundamental fairness."  *Id.* at *13-14 ("Given the

permissive nature of the applicable rules, we have characterized these requirements [of Rule 20]

as necessary, but not sufficient, conditions for joinder.  Consistent with that description, we have

2

explained that, 'even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants,' joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'") (internal citations omitted).

"The party seeking severance under Rule 21 . . . bears the burden of proving that such action is necessary." *Aspen Tech., Inc. v. Kunt*, 2011 U.S. Dist. LEXIS 1971, *7 (S.D. Tex. 2011); *Anticancer, Inc. v. Pfizer Inc.*, 2012 U.S. Dist. LEXIS 40979, *8 (S.D. Cal. 2012) ("[Defendant] has not carried its burden to establish the necessity of severance").

### B.      Joinder under the Federal Rules of Civil Procedure

Rules 18 and 20 of the Federal Rules of Civil Procedure govern permissive joinder.

*Joinder of claims against different defendants*:   Under Rule 20, for claims against two Defendants to be joined in one action (1) the claims against them must be asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and (2) there must be a 'question of law or fact common to all defendants.'"  *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (quoting Fed. R. Civ. P. Rule 20(a)(2)).

*Joinder of additional claims against a defendant*:   an additional claim against a given defendant may be joined under Rule 18 in every circumstance—whether or not the additional claims related to the claim permits joinder of two defendants.  Fed. R. Civ. P. 18 ("a party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party.")

*Effect of additional claims*:  If a claim may be joined to another claim in a lawsuit under either Rule 18 or Rule 20, then the presence of additional unrelated claims in that same lawsuit does not cause misjoinder.  In other words, a claim is properly joined in a case involving multiple other claims so long as the requirements of Rule 18 or of Rule 20 are satisfied as to that

claim.  *See Motorola Mobility, Inc. v. Tivo, Inc.*, 2012 U.S. Dist. LEXIS 99804, at *9 (E.D. Tex.

July 18, 2012) ("The additional independent claims against Motorola only relating to the QIP

boxes do not destroy the appropriate joinder of TWC.  Accordingly, the joinder of TWC, as to

the claims relating to its conduct regarding the DC boxes, is proper in this case under the AIA.").

For example, if claim A and claim B are properly joined under Rule 20, and claim B and claim C

are properly joined under Rule 18, then all three claims may be joined in the same lawsuit.  This

is so even though claims A and C could not have been joined in the absence of claim B.  *See*

*Motorola Mobility*, 2012 U.S. Dist. LEXIS 99804 at *9 (holding that (A) claims against TWC

relating to DC boxes; (B) claims against Motorola relating to DC boxes; and (C) claims against

Motorola relating to QIP boxes could all be joined under the AIA even though (A) and (C) could

not have been joined in the absence of (B)).

### C.  Joinder under the America Invents Act

#### 1.  Two potential interpretations of the AIA

The joinder provision of the America Invents Act (codified at 35 U.S.C. §299) added an

additional restriction to joinder of parties in patent cases.  The statute provides:

(a)  Joinder of accused infringers.  With respect to any civil action arising under any Act of
Congress relating to patents, other than an action or trial in which an act of infringement
under section 271(e)(2) [35 USCS § 271 (e)(2)] has been pled, parties that are accused
infringers may be joined in one action as defendants or counterclaim defendants, or have
their actions consolidated for trial, only if—

(1)  any right to relief is asserted against the parties jointly, severally, or in the
alternative with respect to or arising out of the same transaction, occurrence, or
series of transactions or occurrences relating to the making, using, importing into
the United States, offering for sale, or selling of the same accused product or
process; and

(2)   questions of fact common to all defendants or counterclaim defendants will arise
in the action.  35 U.S.C. § 299.

Prong (1) of the AIA joinder provision, which requires a "right to relief … asserted

against the parties," might be interpreted in one of two ways.

4

- *Interpretation #1*: the AIA requires a "right to relief ... asserted ... against [**the particular parties sought to be joined under Rule 20**] … relating to . . . the same accused product or process."

- *Interpretation #2*: the AIA requires a "right to relief … asserted … against [**all defendant in the case**] . . . relating to . . . the same accused product or process."

The following example illustrates the difference.  Assume that a manufacturer M manufactures two different widgets, W1 and W2, and that it sells them using, respectively, resellers R1 and R2.  Assume further that a Plaintiff owns a patent that is infringed by the manufacture and sale of both types of widgets (W1 and W2), and that the plaintiff files a patent infringement case that names the manufacturer and both retailers as defendants.  Plaintiff's claims against the manufacturer M and retailer are properly joined under Rule 20, as Plaintiff's claims against the manufacturer M and retailer R2; and all of plaintiff's claims against the manufacturer M are properly joined under Rule 18 (i.e. those based on the manufacture of W1, and based on the manufacture of W2).  Must this case be severed under the requirements of the AIA?

Under interpretation #2, severance would be required because there is no single claim for relief asserted against all defendants (because each retailer sells different products manufactured by M).

Under interpretation #1, however, severance would not be required because each of the parties joined under Rule 20 (i.e. (a) manufacturer M and retailer R1 and (b) manufacturer M and retailer R2) satisfy the requirements of the AIA.

Plaintiff is not aware of any decision of the Federal Circuit or any district Court that addresses this issue.

5

**2.    The Court should interpret prong (1) of the AIA to require a right to relief asserted against <u>the particular parties sough to be joined.</u>**

Interpretation #1 is correct, for three reasons.

<u>*First*</u>, the language of the statute itself supports interpretation #1.  Prong (1) of the statute uses the phrase "the parties," which most naturally refers to the accused infringers that are sought to be joined.  Prong (1) of the statute does not use "all defendants," which would have been the most natural way to impose a requirement of a single right to relief for "all defendants."

Moreover, the language of prong (2) makes it clear that "the parties," as used in prong (1), does <u>not</u> refer to "all defendants."  Different words used in the same section of a statute are presumed to have different meaning.  *Bailey v. United States*, 516 U.S. 137, 146 (1995) (superseded on other grounds) ("we assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning") (rejecting interpretation that would have made "uses" and "carries" redundant in statute penalizing using or carrying a firearm in commission of offense).  And prong (1) of the statute uses the words "the parties"; while subsection (2) uses the words "all defendants."  This demonstrates that Congress was aware of the distinction.  When it sought to impose a requirement as to "all defendants" it used the most natural words, "all defendants."  When it sought to impose a requirement only as to the parties sought to be joined under rule 20, it used different words: "the parties."

<u>*Second*</u>, interpreting "the parties" to refer to "all defendants" would make prong (2) of the statute superfluous.  "The court construes statutes, where possible, so as to avoid rendering superfluous any parts thereof."  *Astoria Federal Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991);  *Sprietsma v. Mercury Marine*, 537 U.S. 51, 63 (2003) (interpreting "law" broadly could render word "regulation" superfluous in preemption clause applicable to a state "law or regulation").

If there is a claim for relief asserted against all defendants relating to the <u>same product or process</u>, there will always be "questions of fact common to all defendants"—namely, facts about that product or process.  Accordingly, if prong (1) were interpreted as a requirement applicable to "all defendants," then prong (2) would be superfluous and would serve no purpose.  That Congress included prong (2) strongly suggests that prong (1) applies only to the pair of parties sought to be joined under Rule 20, not to all defendants in the action.

*Third*, interpreting "the parties" to refer to "all defendants" would lead to absurd results.  Courts "should 'avoid any interpretation that would lead to absurd or unreasonable outcome'". *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 439 (5th Cir. 2011) (quoting *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc*., 15 F.3d 1275, 1285 (5th Cir. 1994)).  Here, interpreting "the parties" to refer to "all defendants" would require plaintiffs to assert the same exact patent against the same exact defendant in multiple cases whenever other parties were jointly liable for some, but not all, of its claims—for example, when a defendant infringes the same patent by selling different products with the assistance of multiple other parties.  This would waste judicial and party resources, create a very high risk of inconsistent rulings, and raise thorny and complex issues of claim and issue preclusion.

Accordingly, this Court should interpret "the parties" in the America Invents Act to refer to "the particular parties sought to be joined under rule 20"; and thus should decline to interpret the AIA to require that a single claim be asserted against all <u>defendants in a lawsuit</u> in order for joinder under the AIA to be permitted.

## III.    The Court should deny Defendants' motion to sever

### A.    Under the correct interpretation of the AIA, all asserted claims *may* be joined under Rules 18 or 20 of the Federal Rules of Civil Procedure and the AIA.

7

Each claim that Mirror Worlds asserts in this action may be joined with at least one other claim in this action, either under Rule 20 and the AIA (which govern joinder of claims against different parties), or under Rule 18 (which governs joinder of claims against the same party). Accordingly, all asserted claims *may* be joined in the same lawsuit under governing law.

> **1.     Claims against the moving defendants may be joined in the same case under the AIA and Rules 18 and 20.**

All of Mirror Worlds claims against Defendants Best Buy, Dell, H.P., Lenovo, Microsoft, and Samsung may be joined in a single case.  Defendants do not dispute this.

> **(i)     Claims for patent infringement against each of the moving defendants may be joined in the same case under Rule 20 and the AIA.**

Under both Rule 20 and the AIA, claims against two defendants who are jointly liable for an act or series of acts of patent infringement may always be joined in the same lawsuit.  *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) ("It is clear that where defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-occurrence test is always satisfied."); *Motorola Mobility, Inc. v. Tivo, Inc.*, 2012 U.S. Dist. LEXIS 99804, 9 (E.D. Tex. July 18, 2012)("Here, because Tivo alleges that both Motorola and TWC infringe its patents based on their conduct relating to the DC boxes, the same right to relief (being 'any right to relief' as required by the AIA) is asserted against both counterclaim defendants.")  This is because in such cases (1) a claim for relief that arises out of the manufacture, use, importing, offer for sale, or sale of the same accused product or process—namely, a claim for patent infringement—is asserted jointly and severally against each defendant alleged to be jointly liable; and  (2) questions of fact common to each defendant alleged to be jointly liable— including whether the accused product or process infringes any valid claim of the asserted patent(s) and whether a manufacture, sale, use, offer for sale, or importation of such a product or

process took place—will necessary arise in the action.  *Id.*

Here, Best Buy is jointly liable with each of Defendants Microsoft, Dell, H.P., Lenovo, and Samsung for certain acts of patent infringement.  For example, Defendant Microsoft is jointly liable with defendant Best Buy for (a) the sale of the same infringing Windows license; and (b) contributing to the same instances of direct infringement by Best Buy customers who perform Mirror Worlds' patented methods using Windows operating systems purchased.

Likewise, Microsoft is jointly liable with each of defendants Best Buy, Dell, H.P., Lenovo, and Samsung for certain acts of patent infringement.  For example, Defendant Microsoft is jointly liable with Defendant Dell for (a) the sale of the same Windows 7 license; and (b) inducing and contributing to the same instances of direct infringement by Dell customers who perform Mirror Worlds' patented methods using a Dell computer running Microsoft Windows.

Accordingly, claims for patent infringement against each moving defendant may be joined in the same case as claims for patent infringement against each other moving defendant.

### (ii)     The remaining claims against each of the moving defendants may be joined in that same case under Rule 18.

Once a claim against Microsoft is properly joined to claims against each of the other moving defendants under Rule 20 and the AIA, then each of the remaining claims against such defendants may be joined under Rule 18.  Fed. R. Civ. P. 18.  This includes claims for which there is no joint liability, and that have no relationship to, the claims joined under Rule 20—e.g. claims against Microsoft based on the sale of infringing Windows operating systems directly to consumers, or claims against Best Buy based on the use of Mac OS X computers.

* * *

Accordingly, all of the claims against Best Buy, Dell, H.P., Lenovo, Microsoft, and Samsung may be joined in the same case (the "Best Buy case").

9

**2.      Claims against Apple also may be joined to the Best Buy case under the AIA and Rules 18 and 20.**

All of Mirror Worlds' claims against Apple may be joined in the Best Buy case.

**(i)      Claims against Apple may be joined to the Best Buy case under Rule 20 and the AIA.**

As we explain above, claims against two defendants who are jointly liable for an act or a series of acts of patent infringement may be joined in the same lawsuit. *See* above. Defendant Apple is jointly liable with Defendant Best Buy for the same acts and series of acts of patent infringement, namely (1) the sale of the same infringing Apple Mac OS X licenses and Apple computers; and (2) the direct infringement by Best Buy customers who purchase Apple software and computers from Best Buy and use them to infringe Mirror Worlds' patented methods.  Accordingly, these claims against Apple and Best Buy may be joined under Rule 20 and the AIA.  This is so even though independent, unrelated claims against other defendants happen to be pending in that case as well. *See Motorola Mobility*, 2012 U.S. Dist. LEXIS 99804 at *9 (quoted above).

**(ii)     The remaining claims against Apple may be joined under Rule 18.**

Once a claim against Apple and Best Buy is properly joined, <u>all</u> remaining claims against Apple may also be joined to that case under Rule 18.  Fed. R. Civ. P. 18.  Accordingly, Mirror Worlds' remaining claims against Apple may be joined in the Best Buy case under Rule 18.

\* \* \*

According, *all* asserted claims may be joined in the same case under Rules 18 or 20 and the AIA.  Claims against each Defendant may be joined in the same case as claims against each other Defendant.  Indeed, claims against each of Dell, H.P., Samsung, and Lenovo may be joined with claims against Microsoft and Best Buy; and claims against Apple may be joined with claims

against Best Buy.  And all remaining claims against each Defendant—whether or not they are related—may be joined under Rule 18.  Thus, *all* claims asserted in this case against each Defendant may be joined.  Once again, that unrelated claims are *also* pending does not result in misjoinder.  *See Motorola Mobility*, 2012 U.S. Dist. LEXIS 99804 at *9

### 3.     Defendants' arguments fail.

Defendants make two arguments that we address and rebut in turn.

#### (i)     Defendants' "certain claims do not share an aggregate of operative fact" argument

Defendants argue: (1) "there is no common set of operative facts or evidence that ties Mirror Worlds' allegations of  infringement against Microsoft and the Microsoft Customers to those against Apple"; and so (2) the Court must sever them.  Mot. at 6.

This argument implicitly adopts interpretation #1 of the AIA, i.e. interprets the AIA to require "any right to relief is asserted against [**all defendants**] … with respect to … the same accused product or process."  35 U.S.C. § 299.[2]  As we explain above, however, (1) this is not the correct interpretation of the AIA; and (2) under the correct interpretation of the AIA, claims against each defendant meet this test because (a) claims against each of Dell, H.P., Samsung, and Lenovo may be joined with claims against Best Buy and claims against Microsoft; (2) and claims against Apple may be joined with claims against Best Buy.  Thus, claims against each party may be joined with claims other properly joined parties.

#### (ii)     Defendants' "the claims against Best Buy should be ignored" argument.

Defendants also argue (in a footnote) that although "Best Buy acknowledges that it

---

[2] Defendants also appear to interpret Rule 20 to require "any right to relief is asserted against [all defendants] . . . with respect to . . . the same transaction, occurrence, or series of transactions or occurrences."  They provide no support for this interpretation of Rule 20, which should be rejected for the same reasons articulated with respect to the AIA.

resells Windows-based and Mac OS X based products," Mirror Worlds' claims against

Defendant Best Buy should be ignored for purposes of this severance motion because "Best Buy

. . . is simply a reseller of such products" and thus "has no technical knowledge regarding

operation of the accused products."  Mot. at 5, n. 4.  This argument fails.

*First*, Defendants do not cite any legal authority for the proposition that claims for patent

infringement based on the resale of a product manufactured by a third party should not be

considered in the Court's joinder analysis.

*Second*, they do not do so because it is not the law.  Under 35 U.S.C. section 271(a),

"whoever without authority makes, <u>uses, offers to sell, or sells</u> any patented invention . . .

infringes the patent."  It is not necessary for Best Buy to manufacture the accused products for it

to be liable for patent infringement; and accordingly it is not necessary for Best Buy to

manufacture the accused products in order for the Court to consider Mirror Worlds' claims

against it when evaluating whether joinder is proper.

Accordingly, the Court should not ignore Mirror Worlds' claims against Best Buy; and,

as explained above, when the claims against Best Buy are considered, joinder of all asserted

claims is proper.

## C. The asserted claims *should not be severed* at this early juncture.

The Federal Circuit has recently held that to evaluate whether claims that may be

properly joined under Rules 18 and 20 should nonetheless be severed, a trial court must weigh

three interests: (1) avoiding prejudice and delay; (2) ensuring judicial economy; and (3)

safeguarding principles of fundamental fairness.  *In re Nintendo Co.*, 2013 U.S. App. LEXIS

19606, at *14 (Fed. Cir. Sept. 25, 2013)(citing *In re EMC,* 677 F.3d at 1360).

These interests typically come into play at this early stage only where severance would

facilitate transfer because the convenience of the parties and the interests of justice would favor

transfer of some, but not all, pending claims.  *In re Nintendo Co.*, 2013 U.S. App. LEXIS 19606,

10-11 (Fed. Cir. Sept. 25, 2013) ("Accordingly, when determining whether claims permissibly

joined should be severed for purposes of seeking transfer and a stay of proceedings, a court

should consider whether it would be convenient or fair to keep the matters together.")

Defendants' motion to sever should be denied without prejudice for two reasons.

*First*, there is no need to sever to facilitate transfer because transfer of the claims against

the moving Defendants is unwarranted.  As we will explain in detail in our opposition to

Defendants' motion to transfer, both convenience and fairness weigh strongly against transfer of

the claims against the moving Defendants to the Western District of Washington.

(1) This Court has already presided over a case involving the very same asserted patent,

*see Mirror Worlds v. Apple*,. 6:08-CV-88 (E.D. Tex. March 14, 2008); and Mirror Worlds'

claims against Apple and Best Buy (who have not moved to transfer) will be pending before this

Court whether or not Mirror Worlds' claims against the moving Defendants are transferred.

Thus, the Court has significant familiarity with the subject matter of this dispute; and transfer of

some claims to Washington while others remain here "would unavoidably risk duplicative

proceedings involving the same or similar issues between different district courts and give rise to

the inherent danger of potentially inconsistent rulings and constructions."  *RPost Holdings, Inc.*

*v. StrongMail Sys.*, 2013 U.S. Dist. LEXIS 116894, *15 (E.D. Tex. Aug. 19, 2013).  Under such

circumstances, judicial economy weighs dispositively against transfer.  *See, e.g., Oasis Research,*

*LLC v. Pro Softnet Corp.*, 2012 U.S. Dist. LEXIS 118019, *16-18 (E.D. Tex. Aug. 21, 2012)

("The Court may deny motions to transfer based on judicial economy alone. …the burden that

would be imposed on the federal court system by the transfer of this case, as well as the efficient

administration of court proceedings and conserving judicial resources weighs heavily against

transfer") (emphasis added); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010)

(holding that a district court may properly deny § 1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer" because "courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice") (emphasis added).

(2) The moving Defendants are scattered across the country and, on the aggregate, have a significantly greater presence in Texas than in Washington.[3] Accordingly, the convenience of the parties—including access to sources of proof, the availability of compulsory process, and the cost of attendance of willing witnesses—weighs strongly against transfer. Moreover, severance and transfer would be uniquely prejudicial to Mirror Worlds and contrary to principles of judicial economy and fairness in this case because it would result in two cases that involve claims for infringement of the same patent against the same defendant—Best Buy—pending before two different Courts. This would require Mirror Worlds to try the same case twice against the same defendant; and would exacerbate the risk of inconsistent rulings and duplicative proceedings (and would also could give rise to thorny and complex collateral estoppel issues).

Accordingly, there is no need to sever at this early juncture to facilitate transfer.

_Second_, there is no need to sever now to avoid prejudice and delay, ensure judicial economy, or safeguard principles of fundamental fairness. Whether these claims are pending in

---

[3]   Indeed, Dell's headquarters and principal place of business is in Round Rock, Texas, _see_ Dkt. #69 (Dell Answer) at ¶9 ("Dell admits that it is a Delaware Corporation with its principal place of business in Round Rock, Texas"); Dell 2013 10-K, (available at http://i.dell.com/sites/doccontent/corporate/secure/en/Documents/FY13_Form10K_Web.pdf) (listing "One Dell Way, Round Rock, Texas as the address of principal executive offices); Samsung Telecommunications America's headquarters is in Richardson, Texas, Dkt #62 (Samsung Answer) at ¶15 ("Samsung admits that Defendant Samsung Telecommunications America, LLC ("Samsung Telecommunications") is a Delaware limited liability company with its principal place of business in Richardson, Texas"); and H.P. has a headquarters of geographic operations in Houston, Texas, _see_ H.P. Annual Report at 35 (available at http://h30261.www3.hp.com/phoenix.zhtml?c=71087&p=irol-reportsAnnual) (listing "Houston, United States" as a headquarters for geographic operations, Americas). Conversely, only Defendant Microsoft has a significant presence in the Western District of Washington.

a single case before this Court or in two different consolidated cases before this Court (*see Norman IP Holdings, LLC v. Lexmark Int'l, Inc.,* 2012 U.S. Dist. LEXIS 112757, 28 (E.D. Tex. Aug. 10, 2012)), will not affect any of these three interests.  Of course, once the record has been developed, the Court may determine that a joint trial would cause undue prejudice to certain parties that separate trials are warranted.  But the appropriate time to address such concerns is after the close of discovery—when the benefit of a fully developed record will allow the Court to better determine whether and how Mirror Worlds' claims against the various defendants should be split up for trial.  *Cf. id.* ("all of these issues will be addressed at a later stage of case management when discovery is complete, the number of patents, claim terms and invalidity references has been narrowed, expert reports have been filed, and perhaps experts deposed.")

Thus, the Court should decline to sever Mirror Worlds' claims against the moving Defendants at this early juncture.

\* \* \*

In sum, all asserted claims are properly joined under Rules 18 and 20; joinder of all claims comports with the requirements of *In re EMC* and AIA; and severance at this stage is not necessary to facilitate transfer, to avoid delay or prejudice, or to promote judicial economy or fairness.  Accordingly, the Court should deny Defendants' motion to sever without prejudice, and revisit the issue once the record in this case has been developed.

## IV.   Conclusion

For the foregoing reasons, Defendants' motion to sever should be denied.

Date: October 10, 2013                            Respectfully submitted,

By: /s/ *Simon Franzini*

15

Simon Franzini
CA State Bar no. 287631
(admitted to practice before the U.S. District
Court for the Eastern District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: simon@dovellaw.com


ATTORNEYS FOR PLAINTIFF
MIRROR WORLD TECHNOLOGIES,
LLC

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 10th day of October, 2013.

/s/ *Simon Franzini*
Simon Franzini