**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE, INC., et al.,<br><br>Defendants. | Civil Action No. 6:13-CV-00419-LED<br><br>**Jury Demanded** |

**Plaintiff Mirror Worlds' Sur-Reply in opposition to Defendants' Motion to Sever**

**Table of Contents**


I. Introduction ........ 1

II. *Nintendo* does not lend support to Defendants' position ........ 2

A. *Nintendo*'s holding. ........ 2

B. *Nintendo* does not apply here ........ 3

III. *EMC* does not support lend support to Defendants' position ........ 4

IV. *Motorola Mobility* does not lend support to Defendants' position ........ 4

V. Conclusion ........ 5

**Table of Authorities**

**Cases**

*In re EMC Corp.*,
677 F. 3d 1351 (Fed. Cir. 2012) ........................................ 1, 4, 5

*In re Nintendo Co.*,
2013 U.S. App. LEXIS 19606 (Fed. Cir. Sept. 25, 2013) ........................................ 1, 2, 3, 4, 5

*Motorola Mobility, Inc. v. Tivo*, Inc.,
2012 U.S. Dist. LEXIS 99804 (E.D. Tex. July 18, 2012) ........................................ 1, 5

*UltimatePointer L.L.C. v. Nintendo*,
2013 U.S. Dist. Lexis 51409 (E. D. Tex. Mar. 27, 2013) ........................................ 2

## I. Introduction

The issue for the Court to decide is: must Prong 1 of the Rule 20 and section 299 of the AIA test be satisfied with respect to (i) the particular parties to be joined under Rule 20 (interpretation #1); or (ii) all Defendants in the case (interpretation #2)? The following diagram illustrates the difference.




In our Response, we explain that interpretation #1 is correct and satisfied in this case.

In their Reply, Defendants do not dispute that (i) section 299 of the AIA and Rule 20, as written, are subject to the two different interpretations set forth in our Response; or (ii) that under interpretation #1, Mirror Worlds' claims against all Defendants are properly joined.

Instead, Defendants argue that Federal Circuit law compels severance because: (i) Mirror Worlds' analysis under Rules 18 and 20 has been rejected in *Nintendo* because "the Federal Circuit rejected use of 'Rule 18 as a springboard to add claims involving products by other manufacturers and use the presence of those claims to defeat' severance," Reply at 1; and (ii) interpretation #1 of Rule 20 and the AIA was rejected in *EMC*. *Id.* They also argue that (iii) Judge Gilstrap decided this issue in their favor in *Motorola Mobility*.

In this Sur-reply, we show that none of the three cases that Defendants rely upon support

their position (much less compel severance). Thus, Defendants fail to defend their motion. It should be denied for the reasons set forth in our Response, which they have not addressed.

## II. *Nintendo* does not lend support to Defendants' position

Defendants' argue that *Nintendo* forecloses our Rule 18 and 20 analysis. This is incorrect.

### A. *Nintendo*'s holding.

*UltimatePointer L.L.C. v. Nintendo*, 2013 U.S. Dist. Lexis 51409, at *7 (E. D. Tex. Mar. 27, 2013) involved claims for patent infringement against Nintendo and seventeen retailers of Nintendo and non-party products. The Defendants moved to sever and stay the claims against the retailers and transfer the claims against Nintendo. *Id*. at 7. This Court denied the motion, reasoning that:

- the claims against Nintendo could be joined with those against the retailers based on the sale of Nintendo products under Rule 20, *id*. at *14-15;
- the remaining claims against the retailers (i.e. those based on the sale of non-party products) could be joined under Rule 18, *id*. at *17; and
- because the claims against Nintendo would not resolve the claims against the retailers on the sale of non-party products, they should not be severed to facilitate transfer. *Id*.

The Federal Circuit granted mandamus and vacated the Court's order. It held that the Court should have conducted a complete Rule 20 analysis to determine whether the Nintendo-based claims were properly joined in the first instance—including whether they should be severed to facilitate transfer—*before* it conducted a Rule 18 analysis to allow joinder of the remaining claims against the retailers. *In re Nintendo Co.*, 2013 U.S. App. LEXIS 19606, at *6 (Fed. Cir. Sept. 25, 2013) ("Because we find that the district court erred in failing to first consider whether the retailer defendants should have been severed and whether transfer was

appropriate prior to addressing whether the non-Nintendo claims can be joined under Rule 18, we grant the petition and remand for further proceedings.")

The following diagram illustrates the two-step framework for deciding motions to sever after Nintendo:




Thus, in *Nintendo*, the Federal Circuit faulted the Court for permitting claims to be added under Rule 18 (i.e. moving on to step B) _*before*_ considering whether the claims joined under Rule 20 *should* remain so joined (i.e. before completing its step A analysis). *id*. at *10. ("Consideration of which claims can be asserted under Rule 18 only comes into play once the court has decided which parties are properly joined before it, _*and whether they should remain so joined*_ [i.e. once the Rule 20 analysis is complete.]") (emphasis added)

**B. *Nintendo* does not apply here**

Here, there is no dispute that the claims against the moving Defendants based on the sale of Windows and Windows devices can and should be joined under Rule 20 at step A: the Defendants agree that these claims are properly joined and should remain so joined. Dkt. 76.

The only dispute is whether these properly joined claims can subsequently be joined with claims against Best Buy (and thus the claims against Apple) under Rule 18 at step B.

Accordingly, there is no step A issue to resolve before moving on to step B. *Nintendo* does not foreclose our analysis under Rules 18 and 20; it simply does not apply.

## III. *EMC* does not support lend support to Defendants' position

Defendants state that *EMC* resolved the ambiguity in section 299 of the AIA and Rule 20 in their favor. Reply at 3-4. This is false.

*EMC* defined the requirements of prong 1 of Rule 20 and the AIA but did not resolve whether these requirements must be met as between the particular parties sought to be joined under Rule 20 (interpretation #1); or as between all defendants in the case (interpretation #2). In re *EMC Corp.*, 677 F. 3d 1351, 1356-60 (Fed. Cir. 2012). In other words, *EMC* was about what test to apply; not about which parties it should be applied to. *Id.* at 1358-9 ("Thus, independent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action. The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant . . . We think the 'not dramatically different' standard used by the district court is inconsistent with these authorities.") Indeed, *EMC* held that the wrong test was applied to the particular parties sought to be joined under Rule 20 (and vacated and remanded on that basis); so it had no opportunity to consider whether it had to be met by all defendants. *Id*. at 1360.

Thus, *EMC* did not hold that interpretation #2 is the correct interpretation of Rule 20 and section 299 of the AIA.

## IV. *Motorola Mobility* does not lend support to Defendants' position

Defendants argue that "Judge Gilstrap in *Motorola* did precisely what Defendants have moved the Court to do here" because it "severed the Cisco-related claims from the Motorola-

related claims brought against TWC, and consolidated the Cisco-related claims against TWC with the Cisco case." Dkt. 111 at 4. This argument fails.

The *Motorola Mobility* court severed the Cisco-related claims and consolidated them with the Cisco case on judicial economy grounds because <u>there was already a Tivo case pending against Cisco before the court</u>—not because it found them to be improperly joined, as Defendants suggest. In *Motorola Mobility*, the Court found that joinder of Tivo's claims of TWC's infringement relating to Cisco HD boxes and those relating to the Motorola DVR boxes may be permitted. *Motorola Mobility, Inc. v. Tivo*, Inc., 2012 U.S. Dist. LEXIS 99804, 9-10 (E.D. Tex. July 18, 2012). But the Court concluded that severance was proper for a different reason, judicial economy, because *there was another case involving Cisco HD boxes before it*:

> As to Tivo's claims of TWC's alleged infringement relating to Cisco HD boxes, the Court finds that such addition to this litigation may not constitute an unpermitted joinder; however, the inclusion of these claims in the present case is clearly inefficient and frustrates traditional notions of judicial economy. This Court is not unmindful of the fact that Tivo separately elected to sue Cisco in this Court on June 4, 2012, alleging infringement of the HD boxes asserted in this case, as well as a number of other Cisco HD boxes. The Court finds that a limited restructuring of these separate actions would restore both efficiency and judicial economy to both of these cases.

Here, severance is not warranted on judicial economy grounds because there is not a second Mirror Worlds case pending against any of the moving Defendants (or against Apple.) Accordingly, the *Motorola Mobility* decision does support Defendants' position.

## V. Conclusion

The sole basis for Defendants' position is their citation to *Nintendo*, *EMC*, and *Motorola Mobility*. But none of these cases lend support to Defendants' position. Defendants do not address, much less rebut, the reasoning set forth in our Response. Accordingly, the Court should deny Defendants' motion for the reasons set forth in our Response.

Date: November 11, 2013

Respectfully submitted,

By: /s/ *Simon Franzini*

Simon Franzini
CA State Bar no. 287631
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: simon@dovellaw.com

ATTORNEYS FOR PLAINTIFF MIRROR WORLD TECHNOLOGIES, LLC

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all parties not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 11th day of November, 2013.

/s/ *Simon Franzini*
Simon Franzini